PKAR-ioN, 0. J.
Assuming that the plaintiff was, in thejirst instance, entitled to exemption as the owner or manager of fifteen hands,"we are of opinion that he is too late in now making an application,on that ground.
*35 One of the conditions of the exemption is, that the4party shall sell the surplus of provisions unci grain now on hand, and which he may raise from “year to year, to the government,” &c.
We think the application must be made in -reasonable time, so that the government may have the benefit of this condition in respect to the provisions and gram on hand. This application was not made until' November, 1864, nine-months after^the-passage of the act, which is not in reasonable time ; for during that period, the surplus of* provision's and grain on hand in February, 1864, may have been sold, exchanged, or otherwise disposed of, and thus the government would lose the benefit of a condition, which has been made impossible by the act of the. plaintiff.
Whether au allegation, that the plaintiff had on hand at the time he made thé application now relied on, the same surplus of provisions and grain which he had in February, 1864, would have met this objection, is a question not presented. It would seem, owing to the nature of the' subject, that the government should hot be subjected to the inconvenience of going into such 'collateral matters, by the folly1 or misfortune of the plaintiff, in not putting his claim to exemption, in the first instance, on the ground he now takes.' hi few words, the erAnnption is made'to depend on-a condition precedent, that the government shall have liis surplus provisiuus’ and grain at certain rates. Its performance is made impo'ssiblo by1, the delay of the plaintiff, which is his misfortune.
The case of Savage, on which His Honor puts his opinion, was decided without reference to the point on which this decision is put. it is a new suggestion on^ the con *36 .struction of the act of Congress, but we think, well founded^ ' .
' .There is error. J udgment reversed and judgment that the petitioner be remanded.